IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  04-2503-RDR |
| | ) | |
| EDWARD SHAW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Consistent with the court's September 19, 2005 scheduling order (doc. 20), this case comes before the court pursuant to Fed. R. Civ. P. 26(b)(1) on the motion of the plaintiff, United States of America, to allow discovery with regard to certain property transactions involving defendant Edward Shaw and his closely-held company, co-defendant ESCM and Associates, Inc. **(doc. 21)**.   The court has reviewed plaintiff's motion, its supporting memorandum (doc. 22), defendants' response (doc. 26), and plaintiff's reply (doc. 29).

By way of context, plaintiff alleges that defendants "arranged for disposal" of asbestos in violation of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") (42 U.S.C., Ch. 103, §§ 9601 *et seq.*), by selling a "superfund" site to Jena and Carl Stiffler, d/b/a Southwest Wrecking, knowing that the site contained asbestos and/or intending to sell such property.   In a prior criminal action, the Stifflers pleaded guilty to illegal disposal of asbestos, and defendant Shaw was convicted of making false statements regarding

the presence of asbestos at the superfund site.  Plaintiff then instituted this civil suit to recover costs incurred in the clean-up of the site, as provided for by section 9607(a) of CERCLA.

By way of the instant motion, plaintiff seeks the court's permission to obtain discovery concerning environmental sites other than the one directly involved in this case.  Specifically, plaintiff requests that the court allow discovery as to real estate transactions in which defendant Shaw was involved where the property contained (or was later found to contain) hazardous substances.  The parties' briefing suggests that only one or two other transactions probably will be implicated by the court's ruling.

Plaintiff argues that defendant Shaw's knowledge and intent with regard to the presence of hazardous substances on the property at the time of the transaction at issue in this case is relevant, and that information as to his other similar real estate transactions will shed light on those issues.  Defendant Shaw argues that information regarding his other real estate transactions and his knowledge or intent at the time of the transaction at issue is irrelevant, that such information is available from other sources, and that Fed. R. Evid. 404(b) prohibits the admission of prior acts to prove character and conformity therewith.

Relevancy, of course, is broadly construed.  Thus, at least as a general proposition, a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[1]  A request for discovery should be allowed "unless it is clear that the information sought can have no possible

---

[1] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

bearing" on the claim or defense of a party.[2]   When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[3]   The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[4]   "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[5]

Section 9607(a) of CERCLA "imposes strict liability on four classes of Potentially Responsible Parties . . . ."[6]   According to section 9607(a), the four classes include:

> (1)  the owner and operator of a vessel or a facility,
>
> (2)   any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3)   any person who by contract, agreement, or otherwise **arranged for** disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous

---

[2] *Id.*

[3] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003).

[4] 8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).

[5] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

[6] *United States v. Burlington N. R.R. Co.*, 200 F.3d 679, 696 (10th Cir. 1999).

substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance . . . (emphasis added).

Here, plaintiff claims that defendants are responsible parties because they arranged for the disposal of a hazardous substance when they sold to the superfund site to the Stifflers.

Although CERCLA imposes strict liability on responsible parties, the problem here lies in determining whether defendants are responsible parties as defined in the statute. Unfortunately, "CERCLA does not define the term 'arranged for'" as used in section 9607(a)(3).[7] The parties have not cited any cases from the District of Kansas or from the Tenth Circuit Court of Appeals that speak to the factors involved in the determination of a defendant's status as a responsible party by virtue of the sale of property containing a hazardous substance. Likewise, the undersigned magistrate judge has not found any such cases directly on point.

Nevertheless, a neighboring court in the Tenth Circuit – the United States District Court for the District of Colorado – has adopted "a case-by-case approach in the determination of whether a party has arranged for the disposal of hazardous substances, including

---

[7] *Mathews v. Dow Chem. Co.*, 947 F. Supp. 1517, 1523 (D. Colo. 1996).

consideration of factors such as intent, ownership, and knowledge."[8]    Further, as plaintiff points out, courts outside of the Tenth Circuit have held that a defendant's knowledge as to the presence of a hazardous substance on the property at the time of sale and his or her reason for selling the property is relevant to the determination of whether the sale constitutes a disposal.[9]

At least given the broad construction of relevance at the discovery stage discussed above, the court finds that defendants' knowledge and intent regarding the presence of hazardous  substances and the sale of the superfund site is relevant.  Further, the court finds that information as to defendants' other similar real estate transactions may show the extent of defendants' knowledge regarding the presence of hazardous substances on the property and the intent in selling such property.

Defendant Shaw points to Fed. R. Civ. P. 26(b)(2) and asks that the court exercise its discretion to limit the scope of discovery because the requested information supposedly is available from other sources.  In this vein, defendant Shaw asks the court to take judicial notice of the fact that he admitted in his criminal case that he knew about the presence of asbestos on the property at issue.   Rule 26(b)(2), it will be recalled, provides that the court may impose limitations on the discovery methods (such as interrogatories, depositions, and requests for

---

[8] *United States v. Friedland*, 173 F. Supp. 2d 1077, 1099 (D. Colo. 2001) (citing *Mathews*, 947 F. Supp. at 1525).

[9] *See CP Holdings, Inc. v. Goldberg-Zoino & Assoc., Inc.*, 769 F. Supp. 432, 438 (D.N.H. 1991) ("it was not the placement of asbestos products into the building that qualified as a 'disposal,' but rather the sale of the building with the knowledge that the building itself was to be disposed of."); *G.J. Leasing Co., Inc. v. Union Elec. Co.*, 54 F.3d 379, 384 (7th Cir. 1995) (referring to a "mixed-motives case where the seller's goal was both to get rid of wastes and to make a bona fide sale of commercially valuable property").

production of documents) if the court determines that ". . . the discovery sought . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . ."  Here, though, it is critically important to bear in mind that the instant motion does <u>not</u> put at issue the discovery methods available to the parties.  Rather, it addresses the scope of discovery, *i.e.*, the topics available.  Thus, the court finds that conclusively taking judicial notice of defendant Shaw's admission is inappropriate at this time.  Further, the court notes that the mere fact that information is available from another source is not, by itself, a valid basis for refusing to provide such information.

As to defendant Shaw's argument that Fed. R. Evid. 404(b) prohibits the admission of prior acts to prove character and conformity therewith, the court again simply notes that this case is still in the discovery phase.  Discoverability and admissibility, of course, are two distinct inquiries.  Any argument as to the admissibility of evidence would more properly be brought by way of a motion in limine at a later date, which customarily is decided by the presiding U.S. District Judge based on a much better developed factual record than currently exists.  In any event, at least based on the very limited facts and briefing presented by the parties, the undersigned magistrate judge is strongly inclined to agree with plaintiff that Rule 404(b) does <u>not</u> preclude prior bad acts evidence to the extent relevant to prove motive or intent, *i.e.*, in this regard, plaintiff contends that defendants' sale of the subject superfund site was part of a practice by defendants of assisting clients in evading cleanup liability through real estate transactions to third parties.

For all of these reasons, the above-referenced motion (**doc. 21**) is granted.   Plaintiff may proceed to conduct the requested discovery.

IT IS SO ORDERED.

Dated this 1st day of November, 2005, at Kansas City, Kansas.


_____s/ James P. O'Hara_____
James P. O'Hara
U.S. Magistrate Judge